IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricardo Cabbagestalk, ) | C/A No.: 3:23-4581-SAL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND NOTICE |
| Officer Dudley and Sumter County ) | |
| Sheriff's Deputies, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Ricardo Cabbagestalk ("Plaintiff"), proceeding pro se and in forma pauperis, is detained in the Sumter Lee County Detention Center. He filed this complaint alleging a violation of his constitutional rights by Officer Dudley and Sumter County Sheriff's Deputies. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff alleges he has been harassed and victimized by Sumter County Sheriff's Deputies. He lists a number of alleged incidents, but he fails to provide any dates or names associated with these alleged violations. [ECF No. 1]. For instance, he alleges an unnamed deputy pointed a weapon at him while he was unarmed in front of Shaw Air Force Base. He provides no further details

about this incident. *Id.* He also claims that while his car was parked at a hotel, an unnamed deputy took his driver's permit out of the car and also planted drugs in the car, which Plaintiff found the following day. *Id.* Plaintiff alleges the first deputy "called a state trooper to pull [him] over," and asked the trooper to search Plaintiff's car, but the trooper declined. *Id.* Plaintiff also alleges two unnamed deputies went to his sister's house and tried to break his arm and throw him down the steps head first. *Id.* He claims he was kneed in the face on another occasion and was struck in the back with a sharp object. *Id.* Plaintiff further claims a deputy tried to hit him with a car, forcing him to run in circles and jump across a ditch to avoid being hit by a car. *Id.* at 2.

He also alleges Officer Dudley verbally assaulted him in front of other inmates, cursing him and insulted him, his wife, kids, and mother. *Id.* at 2. He further claims Dudley "threatened to stab me and said her boyfriend is a gang member in prison that would hurt or kill me." *Id.*

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may

2

be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Plaintiff has failed to meet the minimal standards for filing a complaint. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Pursuant to Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain:

(1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's complaint does not meet all of the three requirements under Fed. R. Civ. P. 8(a). As to the second requirement, Plaintiff has not provided a short, plain statement, and does not provide any factual allegations to support his claims. Similarly, Plaintiff provides no request for relief. *Id.* As such, Plaintiff fails to meet the minimal standard for filing a complaint.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **October 10, 2023**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation

5

and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend the district judge dismiss the complaint without leave for further amendment.

IT IS SO ORDERED.

September 19, 2023                                    Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

5