IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricardo Cabbagestalk,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Major Ray, Director of Jail; Sumter County Sheriff Anthony Denise; and Officer Dougley,<br><br>　　　　Defendants. | C/A No.: 3:23-cv-04581-SAL-SVH<br><br><br>**ORDER** |

　　　This matter is before the court for review of the October 3, 2023, Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 16.] In the Report, the magistrate judge recommends the court summarily dismiss Defendants Ray and Denise. Attached to the Report was a notice advising Cabbagestalk of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 5.

　　　The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

1

Although Plaintiff has not filed objections and the time for doing so has expired, the court received several letters from Cabbagestalk in this matter. *See* ECF Nos. 29, 37, 39. Having reviewed each of these letters, the court is unable to discern any specific objections to the Report. Nevertheless, the court will address some of the issues raised in the letters. For instance, it appears that Cabbagestalk understands this recommended dismissal to be something that was requested by Defendants Ray and Denise. [ECF No. 39 at 1.] But, as explained in the Report, the Prison Litigation Reform Act allows a court, on its own accord, to dismiss a claim if there is no merit to the legal theory. *See* 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Here, the Report recommends the court dismiss Defendants Ray and Denise because Plaintiff fails to allege any specific actions or inaction of constitutional import concerning these two defendants. At this time, the recommendation is to dismiss Defendants Ray and Denise, not to dismiss the case entirely.

Additionally, while the letters still do not allege specific facts concerning Denise, Plaintiff mentions actions and inactions taken by Ray. For instance, in a letter dated January 4, 2024, Cabbagestalk explains that Ray promised to pass along a statement written by Cabbagestalk to an investigator, but he never did. [ECF No. 37.] As the recommendation explains, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); see *Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984). The letters do not cure the deficiencies in the complaint that are explained in the Report. Because Plaintiff still fails to allege any specific actions or inactions of constitutional import against Ray, either in response to the Report or through Plainitff's letters to the court, Ray should be summarily dismissed.

2

Having thoroughly reviewed the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 16, and incorporates the Report by reference herein. The court thus **DISMISSES** Defendants Ray and Denise from this action. This matter remains with the magistrate judge for preliminary matters.

  **IT IS SO ORDERED.**

*[Signature: Sherri A. Lydon]*

March 15, 2024              Sherri A. Lydon
Columbia, South Carolina         United States District Judge